**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 23-cr-20356-RKA/Becerra

UNITED STATES OF AMERICA,

v.

VICTOR CANALES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    **THIS CAUSE** came before the Court following the District Court's referral for a change of plea. ECF No. [28]. Based upon the Change of Plea hearing conducted on Monday, February 26, 2024, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

    1.    This Court advised Victor Canales ("Defendant") of the right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

    2.    This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

1

3. Defendant pled guilty to the Indictment, which charges Defendant with possession of a firearm and ammunition by a convicted felon in violation of 18 US.C. § 922(g)(1). The Court advised Defendant that as to this charge, there is a maximum of fifteen years imprisonment, followed by a period of supervised release of up to three years, and a possible fine of up to $250,000.00. The Court also advised Defendant that there is a mandatory special assessment of $100.00. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in this case, including forfeiture.

4. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a Factual Proffer, and the Government also provided an oral recitation of the factual basis for the plea. Both the Factual Proffer and the oral recitation provided at the hearing established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer and the oral recitation in court were accurate.

5. There is no written plea agreement.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered a guilty plea to the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing hearing will be set by the District Court.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have three (3) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.  Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on February 26, 2024.

_____
JACQUELINE BECERRA
United States Magistrate Judge